925 F.2d 1456
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Gilbert JACKSON, Plaintiff--Appellant,
v.
WESTINGHOUSE ELECTRIC CORPORATION, Defendant--Appellee.
 No. 90-1761.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 31, 1990.
Decided Feb. 15, 1991.
 
 Norris Carlton Ramsey, Norris C. Ramsey, P.A., Baltimore, Md. (Argued), for appellant; Patricia L. King, Norris C. Ramsey, P.A., Baltimore, Md., on brief.
 Jeffrey Elliot Rockman, Frank, Bernstein, Conaway & Goldman, Baltimore, Md. (Argued), for appellee; Rosemary A. Gladue, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., on brief.
 D.Md.
 AFFIRMED.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and JAMES C. CACHERIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 In this case, Gilbert Jackson, a black male, alleged that he was fired by Westinghouse Electric Corporation because of his race and sex, in violation of Title VII. He had been employed as a janitor by Westinghouse from June 10, 1985 until his firing on November 24, 1986. Westinghouse claims that Jackson was fired because he was found sleeping on the job in contravention of company policy, and because Jackson had a poor attendance record. After trying the case from the bench, the district judge found for the defendant and issued a memorandum opinion containing specific findings of fact and conclusions of law. The district judge found that Jackson had established a prima facie case of discrimination, that Westinghouse had articulated a legitimate, nondiscriminatory reason for the firing, and that Jackson did not prove by a preponderance of the evidence that this reason was a mere pretext. In his appeal to this Court, Jackson primarily argues that the district judge was clearly erroneous in finding that Westinghouse's reasons were not a pretext. We hold that the judge's findings of fact were supported by the record and that his conclusions of law were correct, and thus we affirm on the reasoning of the district judge's memorandum opinion.
 
 
 2
 Yet, one matter should be noted. We have doubts about whether Jackson ever established a prima facie case of discrimination. During his trial, and in this appeal, Jackson has insisted on staking his case on a comparison between his treatment and the treatment of two other Westinghouse employees, Karen Thiele and April Lay. Jackson was employed at Westinghouse's Camp Meade facility in the "East Building." On the other hand, Thiele and Lay worked as custodians in appellee's "West Building." Although the same Westinghouse rules applied in both buildings (such as the rule against sleeping on the job), these rules were applied by different groups of Westinghouse personnel. In addition, Jackson and other East Building employees were members of the International Brotherhood of Electrical Workers, AFL-CIO, Local 1805 ("IBEW"). On the other hand, Thiele, Lay, and the other West Building employees were represented by the International Union of Electronic, Electrical, Technical, Salaried and Machine Workers, Local 130 ("IUE"). Each union has a separate collective bargaining agreement with Westinghouse, and each also has a separate grievance procedure.
 
 
 3
 We agree with the district judge that the comparison between Jackson's case and those of Lay and Thiele were not materially helpful to Jackson; the minor differences in the treatment that they received were explained easily by Westinghouse's policies. Yet, this comparison was of almost no relevance. These individuals worked under different management teams, and their unions had different grievance procedures and different collective bargaining agreements. The personnel offices for the East and West Buildings were completely separate entities as far as issuing discipline for plant rules violations was concerned. Scott Nally, the Manager of Personnel Relations for the Aerospace Divisions for Westinghouse, testified that he only compared Jackson's disciplinary history to the histories of other IBEW employees in making his decision to uphold Jackson's firing. In sum, the institutional separation between Jackson, on the one hand, and Thiele and Lay, on the other hand, was so great that nothing material could have been drawn from the comparison.
 
 
 4
 The district court recognized that this comparison was not relevant in its findings of fact. Nonetheless, in its conclusions of law, the district court found that Jackson had stated a prima facie case based upon a comparison between the appellant and Thiele and Lay. This finding was made despite a detailed portion of the district judge's findings of fact which compared the treatment which Jackson received to seven other members of Jackson's own union, and apparently found no material differences in treatment. Given this record, it would have been proper to find that no prima facie case had ever been established.
 
 
 5
 As the district court correctly noted, the burden of establishing a prima facie case of discriminatory disparate treatment is "not onerous." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981). Yet, that burden is not automatically excused either. In order to establish a prima facie case, the plaintiff must demonstrate by a preponderance of the evidence that he was a member of a protected class, that he was qualified for the position, and that the circumstances of the action taken against him "give rise to an inference of unlawful discrimination." Id. This inference must be strong enough to persuade a reasonable person that the action was more likely than not the product of discrimination, unless there was some explanation to the contrary. Id.
 
 
 6
 In the present case, setting aside Westinghouse's explanation, we can discern nothing in the record that makes Jackson's treatment in relation to the treatment of other IBEW employees suspicious. Nonetheless, since the district judge was also correct in finding that Westinghouse's explanation for firing Jackson was not a pretext for discrimination, we need not disturb the defendant's verdict in this appeal.
 
 
 7
 Accordingly, the judgment in favor of the defendant is affirmed.
 
 
 8
 AFFIRMED.